United States District Court
District of Massachusetts

|                              | ) |                |
|------------------------------|---|----------------|
| JUDITH HARPER,               | ) |                |
|     Plaintiff, | ) |                |
|                              | ) |                |
| v.                           | ) | Civil Case No. |
|                              | ) | 11-cv-10072    |
| CREDIT CONTROL SERVICES, INC., | ) |              |
|     Defendant. | ) |                |
|                              | ) |                |

## MEMORANDUM & ORDER

**GORTON, J.**

On May 26, 2009, at 1:17 p.m., and on June 10, 2009, at 7:28 p.m., defendant Credit Control Services, Inc. ("CCS") placed pre-recorded phone calls to plaintiff Judith Harper in an effort to collect a debt allegedly owed by her son, Jonathan Harper. Harper contends that the calls were made to her cell phone without her express consent, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. CCS responds that the calls were made to Harper's land line and were then forwarded, at Harper's direction, to her cell phone. The singular issue on summary judgment is whether a reasonable jury, drawing all reasonable inferences in Harper's favor, could find that CCS placed calls directly to Harper's cell phone on the dates and times in question.

The summary judgment record consists of the parties' phone

records and affidavits. Plaintiff's phone records, which reflect calls made and received by plaintiff on her cell phone, contain no record of any call from CCS on the dates and times in question.[1] A search of defendant's electronic database of outgoing phone calls revealed that CCS made no phone calls to the cell phones of Harper or her son but placed calls, on the dates and times at issue, to Harper's land line. Bruce Shapiro, the Senior Vice President of Operations for CCS, testified in an affidavit that the only phone number on file with CCS associated with Jonathan Harper's delinquent account is Harper's land line. Harper responded in a sworn declaration that she received calls from CCS on her cell phone on the dates and times in question. At her deposition, Harper conceded that she forwarded calls from her land line to her cell phone from time to time but denied doing so in this particular instance.

After thoroughly examining the evidence, Magistrate Judge Leo Sorokin reported, in an understatement, that Harper's case "is not strong." He emphasized that "CCS's documents contradict her testimony, and she offers nothing calling those documents into question." He went on to find that

> CCS's documents, coupled with Harper's concession that at times she forwarded calls to her cell phone, could

---

[1] The parties dispute whether the records reflect all incoming calls or only those answered, which would be significant because, if unanswered calls are not included, they would not have appeared on plaintiff's phone records.

explain the voicemail messages on her cell phone. He concluded, nonetheless, that because a jury could credit her unsupported affidavit over the documentary evidence, she cleared the summary judgment hurdle, if only barely.

This Court acknowledges Magistrate Judge Sorokin's thoughtful analysis and careful attention to detail but adopts a less charitable application of the summary judgment standard to this case. The Court relies heavily on Justice Scalia's pronouncement that

> When opposing parties tell two different stories, one of which is blatantly contradicted by the record so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott v. Harris, 550 U.S. 372, 380 (2007). That principle applies in full force here, where the documentary evidence points in only one direction. The only phone number on file with CCS associated with Jonathan Harper's delinquent account is Harper's land line. The defendant's phone records, the reliability of which is not contested, demonstrate not only that CCS did not call Harper's cell phone number (of which it had no record) but, more importantly, that CCS did call Harper's land line on the exact dates and times Harper received messages. Harper admits to frequently forwarding calls from her land line to her cell phone and, although she denied that is what happened here, it is the only reasonable explanation that can be drawn from the evidence.

-3-

A factual dispute remains, to be sure, but not a genuine one. Because it would not be reasonable for a jury to conclude from the record that CCS placed calls to Harper's cell phone in violation of the TCPA, defendant's motion for summary judgment will be allowed.

**ORDER**

In light of the foregoing,

1) the Report and Recommendation of Magistrate Judge Sorokin (Docket No. 47) is **ACCEPTED** and **ADOPTED**, in part, and **REJECTED**, in part;

2) defendant's partial objection to the Report and Recommendation (Docket No. 48) is **SUSTAINED**;

3) defendant's motion for summary judgment (Docket No. 26) is **ALLOWED** in full; and

4) defendant's motion to strike (Docket No. 33) is **DENIED** as moot.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated May 18, 2012